IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-0165-N |
| | ) | |
| SWEET CREAMS, LLC, ROBERT R. | ) | |
| REYNOLDS, JR., and MARIAN C. | ) | |
| REYNOLDS, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Shortly after the court set a hearing on plaintiff's Motion for Default Judgment (doc. 11), defendants Marian C. Reynolds and Robert R. Reynolds, Jr. filed a notice of automatic stay and a motion seeking a stay of proceedings in this action.  Doc. 19.  The movants filed a petition in bankruptcy pursuant to Chapter 7, Case No. 12-01772.  The court ordered the parties to address whether the automatic stay should be deemed to apply to this case as it applies to the claims against defendant Sweet Creams, LLC.  Defendant responded with additional authority that the individual bankruptcy of the principals of an LLC does not generally stay proceedings against the LLC.   No defendant has filed a Reply.

The bankruptcy petition was filed on behalf of Marian and Robert Reynolds, and does not include the defendant LLC.  Chapter 7 petitions provide bankruptcy to individuals.  *See* 11 U.S.C. §§ 701 *et seq*.  Upon review of the case law, it appears that bankruptcy filings by individual members of an LLC have been held not to grant bankruptcy protection to the LLC, *see* Kreisler v. Goldberg, 478 F.3d 209, 212 (4th Cir. 2007)(Parent LLC's bankruptcy did not stay proceedings against subsidiary LLC; rejecting argument that there was an "identity of interest"

which could give rise to "special circumstances" for extending stay); *see also* <u>In re O'Brien</u>, 2011 WL 6754095 (Bkrtcy.D.Conn.,2011) (LLC bankruptcy does not protect principals; cites prior unreported decision in <u>In re Kochman</u>, Case No. 11–50111, Memorandum & Order at 4 (Bankr.D.Conn. Nov. 3, 2011) for proposition that bankruptcy of principals does not protect LLC);   *cf*. Gulfmark <u>Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc</u>., 2009 WL 2413664 (S.D.Ala.)(indemnity provision was "unusual circumstance" allowing protection of non-debtors by stay); <u>In re Robert F. Youngblood Const. Co.</u>, 2012 WL 987751 (Bkrtcy.E.D.N.C., 2012)(automatic stay as to LLC in bankruptcy does not extend to principals); <u>In re Calhoun</u>, 312 B.R. 380, 383 (Bankr.N.D. Iowa 2004) (denying the extension of the automatic stay to a chapter 7 debtor's limited liability company).

No party has brought any fact to the attention of this court that would demonstrate that further proceedings against Sweet Creams, LLC should be stayed.  The defendant LLC has failed to plead or otherwise defend this action.  It appears that the plaintiff's Motion for Default Judgment may properly proceed against that entity despite the stay of proceedings against the individual defendants.

Accordingly, it is hereby ORDERED that defendants Motion to Stay is GRANTED in part, as to the prosecution of this action against defendants Marian C. Reynolds and Robert R. Reynolds, Jr., and DENIED in part as to defendant Sweet Creams, LLC.  It is further ORDERED that the hearing on plaintiff's Motion for Entry of Default Judgment, previously continued by order (doc. 20) dated June 4, 2012, is RESET; the hearing shall be held before the undersigned on Thursday August 9, 2012, at 10:00 a.m. in Courtroom 3-B.

DONE this the 19th day of July, 2012.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE