IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-0165-N |
| | ) | |
| SWEET CREAMS, LLC, ROBERT R. REYNOLDS, JR., and MARIAN C. REYNOLDS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This action comes before the court on plaintiff's Second Motion for Default Judgment (doc. 23) and Affidavit in Support (doc. 25).[1]  In light of the documentary evidence provided in connection with the Second Motion for Default Judgment, the court cancelled (doc. 24) the evidentiary hearing which had been set to allow plaintiff to submit evidence to support the requested judgment.

Background

Plaintiff filed this action on March 1, 2012.  Doc. 1.  Proofs of service (docs. 7, 8, 9) show service on all defendants was completed on March 8, 2012.  Defendants did not thereafter file an Answer or otherwise appear or defend this action.  Plaintiff filed an Application for Clerk's Entry of Default (doc. 10) and, after the default was entered (doc. 12), filed the first Motion for Default Judgment (doc. 11) on April 10, 2012.  Certificates of Service attached to the

---

[1] The filing of the Second Motion (doc. 23) supercedes the First Motion for Default Judgment (doc. 11) against all parties, including those against whom this action is stayed.

Application and the Motion show that the defendants were served with these documents as well. Doc. 13.

Thereafter, individual defendants Robert R. Reynolds, Jr. and Marian C. Reynolds filed a document entitled Limited Appearance to File Notice of Stay (doc. 19), informing the court that those two individual defendants had filed a petition for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code, and that the bankruptcy court had entered an automatic stay of claims against them. The court entered an order (doc. 20) on June 4, 2012, noting several cases providing that bankruptcy of individuals did not stay proceedings against the limited liability company of which they were principals, and requesting briefing from the parties on the propriety of proceeding with the plaintiff's claims against Sweet Creams, LLC. Plaintiff filed a response (doc. 21) and defendants did not reply.[2] Based upon the plaintiff's brief and the court's own research, the court determined that the action could proceed against the limited liability company, but stayed the action as to the individual defendants (doc. 22).

Plaintiff filed its Second Motion for Default Judgment (doc. 23) on August 2, 2012, and attached extensive documentary evidence, and supplemented that submission with an affidavit (doc. 25) setting forth the experience of each of the attorneys for whom an award of fees was sought. Defendant Sweet Creams, LLC, has not answered or otherwise appeared in this action.[3] Upon review of the record presented, it appears that plaintiff is entitled to entry of judgment by default against defendant Sweet Creams, LLC.

## Analysis

---

[2] The deadline for defendants to reply was June 22, 2012.

[3] The individual defendants made their limited appearance to file the Notice of Stay, but the LLC did not join in that motion.

Entitlement to Default Judgment

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); *see also* Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, one or more defendants have failed to appear or otherwise acknowledge the pendency of a lawsuit for two months after being served, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[4] In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." Flynn v. Angelucci Bros. & Sons,

---

[4] *See, e.g.*, Matter of Dierschke, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp .2d 1287 (S.D.Ala. 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); Kidd v. Andrews, 340 F.Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); Viveros v. Nationwide Janitorial Ass'n, Inc., 200 F.R.D. 681, 684 (N.D.Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

Inc., 448 F.Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).

The law is clear, however, that defendants' failure to appear and the Clerk's Entry of Default do not automatically entitle plaintiff to a default judgment in the requested (or any) amount. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353, 1357 (S.D.Ga. 2004); *see also* Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); Descent v. Kolitsidas, 396 F.Supp.2d 1315, 1316 (M.D.Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997); *see also* Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.")

The complaint contains detailed allegations and documentary exhibits in support of its claims for breach of the note and guaranty agreement. The court finds that plaintiff has stated a valid claim against defendant Sweet Creams, LLC under Alabama law for recovery of the deficiency remaining on the note and line of credit. Because all of these particularized allegations are admitted by virtue of the default, and because they are sufficient to state claims under Alabama law, the court finds that the defendant is liable to plaintiff SE Property Holdings, LLC.

Proof of Damages

Notwithstanding the propriety of default judgment against defendant Sweet Creams, LLC, it remains incumbent on plaintiff to prove the amount of damages to which it is entitled. "While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." Virgin Records America, Inc. v. Lacey, 510 F.Supp.2d 588, 593 n. 5 (S.D.Ala. 2007); *see also* Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co., 652 F.Supp.2d 599, 605 (E.D.Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks.").

Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also* Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); Natures Way Marine, LLC v. North America Materials, Inc., 2008 WL 1776946, *1 (S.D.Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").

In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. Anheuser Busch, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th

5

Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." Id. at 1232 n. 13; *see also* Flynn v. Extreme Granite, Inc., 671 F.Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); Eastern Elec. Corp., 652 F.Supp.2d at 605 ("In considering the amount of damages ..., the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); Virgin Records, 510 F.Supp.2d at 593–94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); Natures Way Marine, LLC v. North American Materials, Inc., 2008 WL 801702, *3 (S.D.Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.")

    Plaintiff offers the following exhibits to its Second Motion for Default Judgment as proof of its damages: the Affidavit of Karen Harmon, assistant secretary for SE Property Holdings, LLC (Ex. A); the Affidavit of Bradley E. Dean (Ex. B); the Affidavit of Charles Fleming (Ex. C); and the supplemental Affidavit of Bradley E. Dean (doc. 25). The Harmon Affidavit includes a copy of the Loan Payment History applicable to the Sweet Creams LLC loan; the Dean Affidavit includes a copy of the itemized attorney time records for work on this case; the Fleming Affidavit provides the affiant's opinion on the reasonableness of the attorneys' fees; and

the supplemental Dean Affidavit sets out how many years of experience each of the attorneys has.

Review of the record, including the Affidavit of Karen Harmon and the attached payment history, demonstrates that defendant owed a principal balance of $105,815.47 and accrued interest of $2,596.56 on the defaulted loan as of July 25, 2012.  The evidence further supports the per diem figure of $ 13.96 in interest claimed for each additional day beyond July 25, 2012; the court finds that, as of the date of this order and the resulting judgment, defendant Sweet Creams LLC owes plaintiff the amount of $ 108,607.47 in principal and accrued interest on the defaulted loan.

In addition, the plaintiff is entitled to an award of reasonable attorneys' fees and costs under the terms of the note.  As the party requesting an award of attorneys' fees, plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  This court has recently addressed the rates which are reasonable for practitioners in this market.  *See* BP Products North America, Inc. v. Merritt Oil Co., Inc., 2011 WL 4899908, at *3 (S.D.Ala. October 14, 2011); *see also* Denny Mfg. Co. v. Drops & Props, Inc., 2011 WL 2180358, at *3-5 (S.D.Ala. June 1, 2011); Vision Bank v. Anderson, 2011 WL 2142786, at *3 (S.D. Ala. May 31, 2011); Gulf Coast Asphalt Co. v. Chevron U.S.A., Inc., 2011 WL 612737, at

*1-2 (S.D. Ala. Feb 11, 2011); Adams v. Austal, U.S.A., L.L.C., 2010 WL 2496396, at *6 (S.D.Ala. June 16, 2010).

Plaintiff submits time records for three lawyers who worked on this action: Allen Graham, who has approximately twenty years of legal experience; Ashley Swink, who has approximately ten years experience; and Bradley Dean, who has approximately eight years experience; each of them has been engaged in practice during that period in business and business litigation. Doc. 25. These attorneys claim hourly rates of $250 per hour for Mr. Graham, $225 per hour for Ms. Swink, and $175 per hour for Mr. Dean. The affidavits of both Attorney Dean and Attorney Charles J. Fleming, an attorney in practice in this court, state that these rates are reasonable and customary in this district. The court finds that these hourly rates are in line with rates allowed in other cases in this court, *see e.g.* BP Products North America, Inc. v. Merritt Oil Co., Inc., 2011 WL 4899908, at *3 (S.D.Ala. October 14, 2011), and with the court's own knowledge of the rates charged in this district. The court finds the rates charged in this case to be reasonable.

Plaintiff's counsel has billed their client $12,870.00 in fees and $361.60 in costs and expenses, and claims an additional $402.50 in fees have been earned but not yet billed; this totals $13,634.10. In plaintiff's first Motion for Default Judgment (doc. 11), filed April 10, 2012, plaintiff's counsel claimed fees and expenses totaling $5,481.20. Since that time, plaintiff's counsel has responded to the Notice of Stay filed by the individual defendants, and has filed plaintiff's Second Motion for Default Judgment, which provides substantially more complete evidence than the previous motion. In general terms, these figures do not appear unreasonable for the work performed.

Considering the itemized bills, the court notes the following matters:

--An entry dated June 14, 2012, by R.Matthews, in the amount of $52.50 representing 0.3 hours billed at $175.00.  Based on the hourly rate, the court assumes that R.Matthews is an attorney, but there is no other indication that this person worked on this file and no information concerning this attorney has been produced.  The court will remove this charge and adjust the bill by $52.50.

--six entries totaling 2.3 hours by R.DeHora, billed at a rate of $110.00 per hour.  Based on the hourly rate and the nature of the entries, the court assumes that R.DeHora is a paralegal.  This court has held that a charge of $75.00 per hour is reasonable for work done by paralegals.  Merritt Oil, at *4.  Plaintiff offers no evidence that a higher rate is appropriate.  The court will discount the charges for R. DeHora to reflect a rate of $75.00 per hour.  The deduction will total $80.50.

--the itemized billing records do not clearly identify the nature of the expenses charged; however, the court notes that the expenses claimed are minimal, other than an amount which appears to correlate to the filing fee for this action.  The court finds the amount of costs charged to be reasonable given the nature of the suit, and thus will make no adjustment.

Other than the two adjustments set forth above, the court finds the hours and rate charged to be reasonable and appropriate.  Plaintiff sought a total of $13,634.10; deducting $133.00, the court finds that an award of costs and fees in the amount of $13,501.10 is proper.

## Conclusion

For the reasons set forth above, it is hereby ORDERED that a default judgment shall be entered in favor of the plaintiff and against the defendant in the amount of $122,108.57, and that interest shall continue to accrue on this judgment at the statutory rate equal to the weekly average 1-year constant maturity Treasury yield (28 U.S.C. 1961(a) for the week ending August 3, 2012,

which is 0.17.

DONE this the 8th day of August, 2012.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE